UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
David Berridge,                    :
        Plaintiff,                 :    Hon. Joseph H. Rodriguez
    v.                             :    Civil Action No. 10-3219
Nalco Company,                     :    **Memorandum Order**
        Defendant.                 :
_____

This matter is before the Court on the parties' cross-motions for summary judgment. The Court heard oral argument on Wednesday, May 29, 2013. For the following reasons, Plaintiff's Motion for Summary Judgment [Dkt. 59] is **DENIED** and Defendants' Motion for Summary Judgment is [Dkt. 60] is **GRANTED IN PART**.

## Background

Plaintiff, Mr. David Berridge, has a background as a Certified Petroleum Engineer with experience in chemical sales in process and water treatment technologies. (Pl. Br. Mot. Summ. J. 2) From November 2006 until January 2010, Mr. Berridge worked as a Senior Account Manager for Nalco Company ("Nalco"), a company that provides "water, hygiene and energy technologies and services." In this capacity, Mr. Berridge oversaw Nalco's accounts with the Hess Port Reading, Chevron Perth Amboy, Salsol Baltimore and Petro facilities. (Def.'s Resp. Pl.'s S.F. 59-60.)

On December 11, 2008, Mr. Berridge gave notice of his need to take continuous leave under the Family and Medical Leave Act. (Pl.'s Mot. Summ. J., Ex. B, "Aetna Letter of 12/12/2008.") Mr. Berridge was entitled to take up to 12 weeks of unpaid leave in a 12 week period under the Family and Medical Leave Act, which Mr. Berridge could

1

take intermittently or continuously, and after which he "must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment." (Pl.'s Mot. Summ. J., Ex. A, "Aetna Letter of 12/30/2008.") Mr. Berridge was approved for and took FMLA leave from January 6, 2009 through January 25, 2009 and returned to work on January 26, 2009. (Pl.'s Mot. Summ. J., Ex. A, "Aetna Letter of 12/30/2008.")

Mr. Berridge argues that when he returned from FMLA leave, he was not given "the same or equivalent job at the same terms and conditions." (Pl.'s Br. Summ. J. 6.) Rather, Mr. Berridge claims that upon return from FMLA leave, he was put on a "Performance Improvement Plan" ("PIP") with "impossible new requirements for increasing new business accounts in a 'down' economy." (Compl. 14.) Additionally, "[d]espite this PIP," Mr. Berridge was instructed to "train a much younger replacement, Josh Rockwell, to perform his own job." (Compl. 15.) Mr. Berridge asserts that his "original job was literally taken away, and, he was forced to train a much younger worker, unskilled, and very different than him by education and experience." (Compl. 45.)

In contrast, Nalco points out that upon his return from FMLA leave, Mr. Berridge enjoyed the same title, salary, benefits, expense account and automobile entitlement, and the only difference in Mr. Berridge's post-FMLA leave employment was that he was no longer on the Hess account. (Def.'s Mot. Summ. J., Ex. C, "Berridge Dep.," Tr. 418:06-420:10.) Nalco asserts that the only reason Mr. Berridge was removed from the Hess account was because Nelson Christian, Hess' Technical Service Manager, requested that he be replaced because of Mr. Berridge's poor performance. (Def.'s Br. Summ. J. 9-15.) Further, Nalco asserts that it made the decision to replace Mr. Berridge

with Josh Rockwell prior to the commencement of Mr. Berridge's FMLA leave. (Def. Mot. Summ. J 9.)

On June 23, 2010, Mr. Berridge brought an action in this Court and filed an Amended Complaint on August 3, 2010, through which he appears to assert three causes of action: (1) "Pretext and Retaliation Leading to Wrongful Termination"; (2) "Violation of Duty of Good Faith and Fair Dealing"; and (3) "Defamation." Mr. Berridge filed a Motion for Summary Judgment [Dkt. 59] on September 7, 2012 and Nalco filed a Cross-Motion for Summary Judgment [Dkt. 60] on September 14, 2012. Throughout the extensive briefing in this matter, Mr. Berridge has alluded to several other causes of action in addition to those listed in the Amended Complaint, ranging from claims under the New Jersey Conscientious Employee Protection Act to claims under the New Jersey Law Against Discrimination. In an effort to streamline the case, the Court held oral argument on May 29, 2013, during which Plaintiff acknowledged that his causes of action are those set forth in his Amended Complaint. Thus, the only claims involved in this case, and on which the parties' seek summary judgment, are as follows: (1) "interference" and "retaliation" claims under the Family and Medical Leave Act ("FMLA"); (2) a breach of contract claim; and (3) a defamation claim.

## **Jurisdiction**

The Court has jurisdiction over the Plaintiff's Family and Medical Leave Act ("FMLA") claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state law claims under § 1367.[1]

---

[1] Here, the Court notes that the Complaint pleads that the Court has jurisdiction based on diversity under 28 U.S.C. § 1332, but fails to properly plead the citizenship of the corporate parties or an amount in controversy, as required under the statute. The Court sent Plaintiff a complaint deficiency letter on July 14, 2010, noting that the Complaint did not properly set forth

3

**Standard**

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)); accord Fed. R. Civ. P. 56 (c). Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct.

---

the basis for the Court's jurisdiction and giving Plaintiff leave to file an Amended Complaint. Plaintiff filed an Amended Complaint, but failed to correct the deficiencies. However, to the extent that Plaintiff alleges that Defendant violated his rights under the FMLA, the Court's jurisdiction over this matter is appropriate under 28 U.S.C. § 1331 and the Court exercises supplemental jurisdiction over the remaining claims under § 1367.

2548, 91 L.Ed.2d 265 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the finder of fact.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### Plaintiff's Motion for Summary Judgment

In cases such as this, where cross-motions for summary judgment are pending, "[t]he Court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus Federal Practice and Procedure § 2720 (3d ed.); Marciniak v. Prudential Financial Ins. Co. of Am., 184 Fed. Appx. 266, 270 (3d Cir. 2006) (citing same). Accordingly, the Court will first consider Plaintiff's motion for summary judgment and

determine whether Plaintiff has met his burden of demonstrating no genuine issue of material fact and that he is entitled to judgment as a matter of law.  See Pearson, 247 F.3d at 482 n.1 (internal citation omitted).

To succeed on his motion for summary judgment, Plaintiff must demonstrate the absence of a genuine issue of material fact or that he is entitled to judgment as a matter of law.  Celotex Corp., 477 U.S. at 323.  The Court finds that Plaintiff has not properly asserted this motion before the Court and the Court is therefore unable to grant the motion.  Rather, Plaintiff's discussion at oral argument, and the arguments scattered throughout Plaintiff's submissions, suggests only Plaintiff's belief that there is a genuine issue of fact for trial.  Further, Plaintiff's submissions extensively recite facts and Plaintiff's own speculation regarding his termination; however, many of these assertions are largely unsupported as they lack proper citation to the record.  (Pl.'s Mot. Summ. J.) Moreover, Plaintiff fails to cite relevant case law throughout his submissions and fails to indicate why he is entitled to judgment as a matter of law on his three causes of action.[2]

Plaintiff has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp., 477 U.S. at 323.  Here, in light of the discussion at oral argument, the procedural posture of this case, and noting that "[i]t is not the Court's responsibility to comb the record on behalf of Plaintiff's counsel," the Court finds that Plaintiff has not demonstrated the absence of a genuine issue of material fact or why Plaintiff is entitled to judgment as a matter of law; accordingly, the Court will DENY

---

[2] Further, the purpose of the Rule 56.1 Statement of Undisputed Facts is to "narrow the issues before the District Court."  (L. Civ. R. 56.1, cmt. A.)  Plaintiff's statement contains legal argument and unsupported conclusions, and the Court declines to sift through record at this juncture.  Here, Plaintiff moved for summary judgment, but has asserted at oral argument and in every submission to the Court that there are genuine issues to be resolved at a jury trial.

6

Plaintiff's motion for summary judgment.  See Baker v. The Hartford Life Ins. Co., 08-CV-6382FLW, 2010 WL 2179150 (D.N.J. May 28, 2010) aff'd sub nom. Baker v. Hartford Life Ins. Co., 440 F. App'x 66 (3d Cir. 2011).

## Defendant's Motion for Summary Judgment

The Court will now turn to Defendant's Cross-Motion for Summary Judgment [Dkt. 60] on the three causes of action.

## FMLA Claims

As clarified during oral argument, Plaintiff alleges both "interference" and "retaliation" claims under the Family and Medical Leave Act ("FMLA").  The FMLA creates an "interference" cause of action against any employer should that employer "interfere with, restrain or deny the exercise of" an employee's FMLA rights, 29 U.S.C. § 2615(a)(1).  To establish an "interference" claim under the FMLA, the plaintiff must demonstrate that he was entitled to a benefit under the FMLA and was denied that benefit.  29 U.S.C. §§ 2612(a), 2614(a), 2615(a).

The FMLA also creates a "retaliation" cause of action should the employer "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" under the FMLA, 29 U.S.C. § 2615(a)(2).  To establish a *prima facie* "retaliation" claim under the FMLA, a plaintiff must show that (1) the plaintiff invoked his right to FMLA-qualifying leave, (2) the plaintiff suffered an adverse employment decision, and (3) the adverse action was causally related to the plaintiff's invocation of rights.  See Lichtenstein v. Univ. of Pittsburgh Medical Center, 691 F.3d 294, 301-302 (3d. Cir. 2012) (internal citation omitted).

Courts apply the McDonnell Douglas burden-shifting framework to "retaliation" claims based on circumstantial evidence.[3] Id. at 302. Under this framework, the plaintiff has the initial burden of establishing a *prima facie* case by pointing to evidence in the record sufficient to create a genuine factual dispute about each of the elements of a retaliation claim: (1) invocation of an FMLA right, (2) termination, and (3) causation. Id. If the plaintiff succeeds in establishing a prima facie case, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for its employment decision. Id. If the employer succeeds, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action" Id. (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

Here, Mr. Berridge seems bring an "interference" claim that Nalco interfered with his FMLA rights under 29 U.S.C. § 2614(a)(1) by failing to restore him to the same or equivalent position following his approved FMLA leave. Nalco undermines this claim by pointing out that upon his return from FMLA leave, Mr. Berridge enjoyed the same title,

---

[3] In contrast, the United States Court of Appeals for the Third Circuit has noted that courts have applied the Price Waterhouse "mixed-motive" framework to "retaliation" claims based on direct evidence. Lichtenstein, 691 F.3d at 302 (citing Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 165, 147 (3d. Cir. 2004)). In Lichtenstein, the Third Circuit noted that courts have questioned the viability of mixed-motive claims under the FMLA following the Supreme Court's decision in Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S.Ct. 2343, 2349, 174 L.Ed.2d 119 (2009), however the Third Circuit declined to rule definitively whether mixed-motive claims may be sustained under the FMLA and instead applied the McDonnell Douglas burden-shifting analysis to the plaintiff's claim in that case. See id. at 302. Under the "mixed motive" framework established in Price Waterhouse v. Hopkins, 490 U.S. 228, 276-77, 109 S. Ct. 1775, 104 L.Ed. 2d 268 (1989) (O'Connor, J., concurring), "when a plaintiff alleging unlawful termination presents direct evidence that his FMLA leave was a substantial factor in the decision to fire him, the burden of persuasion on the issue of causation shifts, and the employer must prove that it would have fired the plaintiff even if it had not considered the FMLA leave." Conoshenti, 364 F.3d at 147 (internal citations omitted).

salary, benefits, expense account and automobile entitlement, and the only difference in Mr. Berridge's post-FMLA leave employment was that he was no longer on the Hess account. (Def.'s Mot. Summ. J., Ex. C, "Berridge Dep.," Tr. 418:06-420:10).

With regard to the "retaliation" claim, while Plaintiff refers to Nalco's "mixed motives" throughout his submissions, Plaintiff seems to recognize that the McDonnell Douglas framework applied to the claims here, as Plaintiff does not appear to assert direct evidence of retaliation. Nalco argues that Mr. Berridge fails to even make out a *prima facie* "retaliation" claim, as he "cannot establish that any of Nalco's decisions towards him were causally related to his FMLA leave," as "the record is clear that Nalco placed Plaintiff on several PIPs, and eventually terminated his employment, because of his failure to satisfy the minimum requirements of his position and to comply with the PIPs." (Def.'s Br. Summ. J. 19.) Moreover, Nalco points out that the timing does not give rise to an inference of retaliation, as "Plaintiff took his first FMLA leave in January 2009, returned to work, and was provided eight months to improve his performance prior to his termination in January 2010." (Def.'s Br. Summ. J. 27-28.)

At this juncture, from what the Court can glean from the record and arguments advanced at oral argument, there exists the possibility of a factual dispute. However, the Court's role in deciding this motion is not to engage on a scavenger hunt or litigate Plaintiff's case. "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Plaintiff's submissions string bald factual statements with intermittent record citations and therefore fail to direct the court to a genuine factual dispute. Moreover, Plaintiff fails to use case law or argue under any relevant legal framework to set forth why Defendant's motion should fail.

Because the Court declines to hunt through the record at this time, the Court will give plaintiff leave to file a brief in opposition that properly responds to Defendant's arguments on the FMLA "interference" and "retaliation" claims, with adequate citations that "identify specific facts and affirmative evidence that contradict those offered by the moving party" and will give Plaintiff another opportunity to properly cite to relevant law in support of Plaintiff's arguments. Accordingly, the Court will administratively terminate the motion and give Plaintiff fourteen (14) days to file a proper brief in opposition, at which time the Court will automatically reinstate the motion. If Plaintiff fails to adequately respond to Defendant's motion, the Court will reinstate the motion and enter an order for summary judgment in favor of Defendant because Plaintiff will have failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### **"Violation of Duty of Good Faith and Fair Dealing"**

The Plaintiff's second cause of action alleges a breach of the "Duty of Good Faith and Fair Dealing" based on representations in employment manual materials provided by the Defendant to its employees. (Compl.) The covenant of good faith and fair dealing applies to parties in contractual agreements and involves the implied promise that "neither party [will] do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Palisades Properties Inc. v. Brunetti, 44 N.J. 117, 130, 207 A.2d 522 (N.J. 1965).

Defendant contends that it is entitled to an entry of summary judgment because Plaintiff "admits to being an at-will employee to whom Nalco owed no contractual

obligation." (Def.'s Br. Summ. J. 3.) The Court recognizes that in general, "[i]n the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing." Noye v. Hoffman-La Roche, Inc., 570 A.2d 12, 14 (N.J. App. Div. 1990) (citing McQuitty v. General Dynamics Corp., 499 A.2d 526 (N.J. App. Div. 1985)); Roberts v. Newark Pub. Schs., 232 Fed. Appx. 124, 128 (3d Cir. N.J. 2007) (holding that as an at-will employee, the plaintiff was not under a contract with his employer, and consequently could not seek damages for a breach of an implied covenant of good faith and fair dealing).

It appears that Plaintiff recognizes that he is an at-will employee with no contractual relationship with Nalco, but argues that the Nalco manual and other Nalco policies that explain Nalco's legal obligations under the FMLA give rise to an "implied covenant of good faith and fair dealing," which Nalco breached by allegedly failing to return Mr. Berridge to his original job following his FMLA leave and ultimately terminating him.[4] (Compl.; Pl.'s Br. Summ. J. 33-34.) Under Woolley v. Hoffmann-La Roche, Inc., an implied promise can arise from an employment manual, however this "implied contract arising from an employment manual does not protect against termination; rather, the implied promise is to safeguard the employee from arbitrary termination." Doll v. Port Auth. Trans-Hudson Corp., 92 F. Supp. 2d 416, 422-23 (D.N.J. 2000) aff'd, 261 F.3d 491 (3d Cir. 2001) (citing Woolley v. Hoffmann-La Roche, Inc., 99 N.J. 284, 300, 491 A.2d 1257, 1266 modified, 101 N.J. 10, 499 A.2d 515 (1985)). Moreover, the Third Circuit has recognized that an employer's inclusion of an assertion that they will comply with a

---

[4] Plaintiff seems to assert that U.S. Department of Labor's Fact Sheet Publication #28 gives rise to his claims here; however, Defendant briefly notes that the Department of Labor drafted this document for inclusion in Nalco's FMLA employment materials. (Def's Reply.)

particular law within a manual does not constitute an implied contract under Woolley. Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 308 (3d Cir. 2004) (noting that "no one could have reasonably thought [the manual] was intended to create legally binding obligations beyond those the law already imposed.") (internal quotation marks omitted). The Court finds that Nalco's written policies explaining their FMLA obligations does not create the kind of contractual obligation contemplated under Woolley that would give rise to a cause of action for breaching the "duty of good faith and fair dealing." Accordingly, the Court will grant Defendant's motion for summary judgment on this cause of action.

## **"Defamation"**

To succeed on a claim for defamation under New Jersey Law, a plaintiff must demonstrate: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1113 (N.J. 2009) (citing DeAngelis v. Hill, 847 A.2d 1261, 1268 (2004)). At this stage, "the plaintiff must 'plead facts sufficient to identify the defamatory words, their utterer, and the fact of their publication. A vague conclusory allegation is not enough." Robles v. U.S. Envtl. Universal Servs., Inc., 469 F. App'x 104, 109 (3d Cir. 2012) (quoting Zoneraich v. Overlook Hosp., 514 A.2d 53 (N.J. Super. Ct. App. Div. 1986)).

Plaintiff's Amended Complaint alleges:

> Defendants intentionally established Plaintiff before its customers as "incompetent" and "unskilled," "unprofessional" and "difficult to work with," and, then, ultimately, announced his "removal and firing to Conoco Philips

> Bayway Refinery, the Hess Port Reading and associated Refineries, and also to Chevron and to other refineries" within New Jersey, knowing he would have great difficulty finding any work in his chosen field and career, through the State.

(Compl. ¶ 21.) Several of these allegedly defamatory statements, as well as the various comments tacked onto this complaint throughout subsequent briefs and depositions, fail to satisfy the requirements for a *prima facie* claim. Accordingly, the Court will grant Defendant's motion for summary judgment as to these specific statements.

Specifically, Plaintiff's allegations regarding comments describing him as "incompetent" and "unskilled" do not satisfy the publication requirement, as no third parties or specifics about circumstances are identified, nor do they identify the utterer. In fact, Plaintiff admits he was not present at any time when any representative of Nalco said to a third party that he was "incompetent" or "unskilled." (Berridge Dep. 477:23-478:12.)

Additionally, the announcement of Plaintiff's termination is not defamatory because it is true; it is undisputed that Defendant was terminated by Nalco on January 29. 2010. (Def.'s 56.1 Stmt. ¶ 71) (Pl.'s 56.1 Stmt. ¶67.) See, e.g., Taylor v. Amcor Felxibles, Inc., 669 F. Supp. 2d 501, 513 (D.N.J. 2009) ("A plaintiff cannot make a prima facie case of defamation if the contested statement is essentially true.") Similarly, even setting aside the procedural arguments related to Plaintiff's introduction, for the first time in his opposition brief, of a defamation claim based on statements that he failed a drug test, he similarly cannot survive summary judgment on this claim because he admits a "false reading in 2004." (Pl.'s 56.1 Stmt. ¶ 107.) Therefore, as Plaintiff is unable to establish *prima facie* claim for defamation on these statements, the Court must GRANT Defendant's motion with regard to these statements.

Defendant has asserted its entitlement to summary judgment based on the remaining allegedly defamatory statements, however Plaintiff has failed to adequately respond to Defendant's arguments regarding these claims. Accordingly, the Court will give plaintiff leave to file a brief in opposition that properly responds to Defendant's arguments on the remaining "defamation" claims, with adequate citations that "identify specific facts and affirmative evidence that contradict those offered by the moving party" and properly cites to relevant case law. Accordingly, the Court will administratively terminate the motion, giving Plaintiff fourteen (14) days to file a proper brief in opposition, at which time the Court will automatically reinstate the motion. If Plaintiff fails to adequately oppose Defendant's motion, the Court will reinstate the motion and enter an order for summary judgment in favor of Defendant because Plaintiff will have failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

## Conclusion

For the reasons set forth above, it is on this 25th Day of June, 2013, hereby **ORDERED** that, in the interest of justice:

1. Plaintiff's Motion for Summary Judgment [Dkt. 59] is **DENIED**.
2. Defendant's Motion for Summary Judgment [Dkt. 60] is **GRANTED IN PART**: The motion is **GRANTED** as to the Second Cause of Action, "Violation of Duty of Good Faith and Fair Dealing" and **GRANTED IN PART** as to the Third Cause of Action, "Defamation."
3. The remainder of Defendant's motion, specifically, the summary judgment motion as to the FMLA claims in the first cause of action and remainder of the defamation claim, shall be **administratively terminated** and Plaintiff shall have fourteen (14) days from the date of this order to refile a brief in opposition to Defendant's motion, at which time the Court will automatically reinstate the motion. If Plaintiff still fails to adequately respond to Defendant's motion, the Court will reinstate the motion and automatically enter an order for summary judgment in favor of Defendant.

                                                             s/ Hon. Joseph H. Rodriguez
                                                             HON. JOSEPH H. RODRIGUEZ,
                                                             United States District Judge